[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

No. 10-13344
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00049-MSS-GRJ-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MICHAEL EUGENE RUDKIN,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 27, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Rudkin appeals his convictions for attempted murder of an

employee of the United States, in violation of 18 U.S.C. § 1114; attempted

retaliation against a witness by murder, in violation of 18 U.S.C. § 1513(a)(1)(B); attempted retaliation against a witness by bodily injury, in violation of 18 U.S.C. § 1513(b)(1); and use of mail and an interstate commerce facility with intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958. On appeal, Rudkin argues that the district court erred by denying Rudkin's motion for a judgment of acquittal because the evidence at trial showed that Rudkin was entrapped by a government informant. Rudkin argues that he was repeatedly enticed by the government's agents, Rudkin's fellow inmates at Coleman Federal Correctional Institution, because they sought substantial assistance reductions in their prison sentences. Rudkin further argues that the informants took advantage of him because they knew of the especial danger a former corrections officer faces in prison, and thus, Rudkin played along with their 'ridiculous' plan for his own safety.

Ordinarily, when the jury rejects an entrapment defense, our review is limited to "whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction," and the "jury's verdict cannot be overturned if any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Brown*, 43 F.3d 618, 622 (11th Cir. 1995). Review is *de novo*,

2

and all facts and inferences are drawn in favor of the government. *Id.* However, when a defendant fails to move for a judgment of acquittal at the close of the evidence, reversal of the conviction is appropriate only to prevent a "manifest miscarriage of justice." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Under this standard, the evidence on a key element of the offense must be "so tenuous that a conviction would be shocking." *Id.*

We have held that the determination of a witness's credibility is "the exclusive province of the jury." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997), *modified on other grounds*, *United States v. Toler*, 144 F.3d 1423 (11th Cir. 1998). We may not review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law." *Id*. at 1325 (citing *United States v. Hewitt*, 663 F.2d 1381, 1385 (11th Cir. 1981)). Testimony is incredible as a matter of law only when it is "unbelievable on its face" and relates to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id*. at 1325 (internal quotations and citation omitted).

Entrapment is an affirmative defense. *United States v. Quinn*, 123 F.3d 1415, 1423 (11th Cir. 1997). A viable entrapment defense requires that: (1) there is government inducement of the crime; and (2) the defendant was not predisposed

3

to commit the crime before the inducement. *United States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002). To constitute inducement, the government must do more than contact the defendant or suggest that he commit a crime. *Brown*, 43 F.3d at 623. Rather, inducement by the government "requires an element of persuasion or mild coercion." *Ryan,* 289 F.3d at 1344. The government cannot be found responsible for inducing the defendant to engage in a criminal act unless it provides both the opportunity and something additional, such as coercion or excessive pressure, or manipulation of a non-criminal motive. *Brown*, 43 F.3d at 623.

> Persuasion or mild coercion may be shown if [the] defendant demonstrates that he had not favorably received the government plan, and the government had to 'push it' on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate.

*Ryan,* 289 F.3d at 1344 (citations, quotations, and punctuation omitted).

Once the defendant produces some evidence of inducement, the government must prove, beyond a reasonable doubt, that the defendant was predisposed to commit the offense. *Id.* at 1343. Predisposition is a fact-intensive and subjective inquiry, requiring the jury to "consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's . . . agents." *Brown*, 43 F.3d at 624-25. Predisposition may be demonstrated by "the

defendant's ready commission of the charged crime [or] evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so." *Id*. at 625; *see also United States v. Ventura*, 936 F.2d 1228, 1231-32 (11th Cir. 1991) (holding that predisposition can be demonstrated if the defendant engaged in the illegal activity, although he had the opportunity not to do so). In addition, because the issue of predisposition is a fact-intensive query, the jury's assessment of the credibility and demeanor of the witnesses is a critical factor. *See Brown*, 43 F.3d at 625.

Rudkin, who failed to move for a judgment of acquittal at the close of all of the evidence, has not demonstrated that the evidence relating to key elements of the charged offenses was so tenuous that his convictions would be considered shocking. The evidence adduced at trial showed that Rudkin initiated the contact regarding the murder for hire and tenaciously pursued the contact that his fellow inmates procured for him. Clearly the jury credited this testimony. For the above stated reasons, we affirm Rudkin's convictions.

**AFFIRMED.**